MANOS, Appellee,

v.

HARTER et al., Appellants.

[Cite as *Manos v. Harter* (1995), 104 Ohio App.3d 430.]

Court of Appeals of Ohio,
Fourth District, Hocking County.

No. 94–CA–24.

Decided June 5, 1995.

*Thomas G. Manos, pro se.*

*Betty D. Montgomery,* Attorney General, and *Robert W. Myers,* Assistant Attorney General, for appellants.

———————

HARSHA, Judge.

This is an appeal of an order granting an injunction in favor of appellee, Thomas G. Manos, an inmate at the Hocking Correctional Facility ("HCF"). The injunction directed the warden of the HCF to prevent persons who are related by blood or marriage or who share a common residence from serving together on the HCF Rules Infraction Board. Appellants assert three assignments of error:

"Assignment of Error No. 1

"The lower court erred when it issued an order to Warden Lane who had not been properly served or had entered an appearance in the action.

"Assignment of Error No. 2

"The lower court erred when it held that due process impartiality in a prison disciplinary proceeding required a tribunal consisting of persons not related by blood, marriage or common residence.

"Assignment of Error No. 3

"The lower court erred when it ordered injunctive relief based on contingent and uncertain future events."

On March 8, 1994, appellee Manos filed a "Petition for Injunctive Relief" in the Hocking County Court of Common Pleas, praying for an injunction to prohibit the Hocking Correctional Facility Rules Infraction Board from proceeding against him and seeking prospective injunctive relief with regard to future decisions of the Rules Infraction Board. Later that day, a three-member panel

of the Rules Infraction Board found Manos guilty of a violation of a prison regulation prohibiting the destruction of library materials. Two members of this panel shared a common residence and had parented children together.

Thereafter, the common pleas court denied the petition for injunctive relief regarding the March 8, 1994 Rules Infraction Board proceeding as being moot. On October 5, 1994, the common pleas court held a hearing on appellee's request for prospective injunctive relief. At the hearing, Manos argued that his right to due process was violated because, among other things, two members of the Rules Infraction Board panel that heard appellee's case shared a common residence and had parented children together.

After the hearing, the court of common pleas entered an order granting prospective injunctive relief to appellee and denying all of appellee's other claims. The injunction directed the warden of HCF to ensure that no panel of the Rules Infraction Board would consist of "persons related by marriage, blood or common residence." This case is now before us by virtue of appellants' timely appeal.

■ We begin with appellants' second assignment of error because its resolution is dispositive of the case before us. Appellants' second assignment of error asserts that the court of common pleas erred by holding that due process required the Rules Infraction Board to be composed of persons not related by blood, marriage or common residence. The trial court's determination concerning appellee's due process rights is a decision on a matter of law. Therefore, we engage in what is essentially a plenary review of the question of whether appellee had a due process right to enjoy a Rules Infraction Board panel free from related persons or persons who share a common residence.

■ Due process demands that in any fair hearing accused persons are judged by an impartial body. Without the presence of an impartial decisionmaker, fair procedures are meaningless and an accused's due process rights are violated. *Washington v. Harper* (1990), 494 U.S. 210, 234–235, 110 S.Ct. 1028, 1043–1044, 108 L.Ed.2d 178, 206–207; *Wolff v. McDonnell* (1974), 418 U.S. 539, 599, 94 S.Ct. 2963, 2995–2996, 41 L.Ed.2d 935, 975–976; and *Moore v. Ohio* (1928), 118 Ohio St. 487, 161 N.E. 532, paragraph one of the syllabus. *Wolff, supra,* and related decisions have established the rule that a prisoner is entitled to a review unaffected by "arbitrary" decisionmaking. More specifically, a prison disciplinary committee (1) may not consist of persons involved in the investigation of the case against the prisoner, and (2) may not be composed of individuals with preexisting biases or opinions that would prevent them from deciding the case in an impartial manner. *Morrissey v. Brewer* (1972), 408 U.S. 471, 486, 92 S.Ct. 2593, 2602–2603, 33 L.Ed.2d 484, 497; *United States ex rel. Miller v. Twomey*

(C.A.7, 1973), 479 F.2d 701, 716; and *Ruiz v. Estelle* (S.D.Tex.1980), 503 F.Supp. 1265, 1354–1355.

In the present case, appellee contends that the impartiality of the panel that heard his case was compromised solely because two of the panel's members had parented children together and shared a common residence. Indeed, this is the only basis for the trial court's injunction. Our investigation reveals no law to support appellee's argument. To the contrary, it has been held that although due process requires an impartial hearing, there is no constitutional right to a hearing free from married persons. *Brown v. Frey* (C.A.8, 1989), 889 F.2d 159. Moreover, neither appellee nor the record provides us with any credible evidence that the panel in the present case was composed of persons who conducted the investigation against appellee or of persons who were predisposed to decide against appellee.[1] In the absence of evidence to the contrary, we are not willing to presume that members of the Rules Infraction Board lacked the necessary independence to provide appellee with an impartial hearing. See *Washington, supra.* In this light we consider the trial court's grant of an injunction to appellee.

In general, a court will consider the following factors in deciding whether to grant injunctive relief: (1) the likelihood or probability of a plaintiff's success on the merits; (2) whether the issuance of the injunction will prevent irreparable harm to the plaintiff; (3) what injury to others will be caused by the granting of the injunction; and (4) whether the public interest will be served by the granting of the injunction. *In re DeLorean Motor Co.* (C.A.6, 1985), 755 F.2d 1223, 1228, and *Corbett v. Ohio Bldg. Auth.* (1993), 86 Ohio App.3d 44, 619 N.E.2d 1145. The grant of an injunction is addressed to the sound discretion of the court, and will not be overturned absent an abuse of discretion. *Fodor v. First Natl. Supermarkets, Inc.* (1992), 63 Ohio St.3d 489, 495, 589 N.E.2d 17, 21–22, citing *Perkins v. Quaker City* (1956), 165 Ohio St. 120, 125, 59 O.O. 151, 153–154, 133 N.E.2d 595, 598. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable or arbitrary. *Franklin Cty. Sheriff's Dept. v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 498, 589 N.E.2d 24.

We have determined that appellee had no right to a Rules Infraction Board panel that was composed of persons unrelated by marriage or blood or persons not sharing a common residence. Clearly, appellee had no chance of prevailing

---

1. In fact, a review of the Rules Infraction Board hearing transcript reveals no indication of partiality with regard to appellee. Moreover, a review of the transcript from the court of common pleas does not show any evidence other than assertions by appellee that because two of the panel members lived together they could not make impartial decisions.

on the merits of this case. To grant injunctive relief to a party who has no chance of success on the merits of a case is patently unreasonable. Therefore, the trial court abused its discretion in granting the injunction. See *Woods v. Ohio High School Athletic Assn.* (Nov. 9, 1981), Pickaway App. No. 80CA30, unreported, 1981 WL 6063. Accordingly, we sustain appellants' second assignment of error and reverse the decision of the common pleas court.

Having disposed of this case on the grounds presented in assignment of error number two, we deem appellants' additional assignments of error moot. App.R. 12(A)(1)(c).

*Judgment reversed.*

STEPHENSON and KLINE, JJ., concur.