[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiffs Charles Winburn and Joanne S. Kemmerer ("the taxpayers") appeal from the trial court's entry of judgment in favor of the city of Cincinnati. Finding no error in the trial court's decision, we affirm.
On April 28, 1999, the city of Cincinnati filed a civil lawsuit against the manufacturers of guns in Cincinnati v. Beretta U.S.A. Corp., Hamilton C.P. No. A9902369. The complaint sought damages under various causes of action for costs incurred in providing police, emergency, court, prison and other related services in connection with shootings that occurred in Cincinnati. The complaint also prayed for damages for alleged diminution of property values and loss of taxpayer revenue, punitive damages, and injunctive relief. On October 7, 1999, the trial court dismissed the lawsuit, and the dismissal was affirmed by this court in Cincinnati v.Beretta U.S.A. Corp. (Aug. 11, 2000), Hamilton App. Nos. C-990729, C-990814, and C-990815, unreported. The city's appeal from our judgment is currently pending before the Ohio Supreme Court under the number 00-1705. While holding that the lawsuit lacked a cognizable legal basis, neither the trial court nor this court held that the city was without the authority to file the lawsuit.
On February 15, 2000, the taxpayers filed this lawsuit, seeking to prevent the city of Cincinnati from further expending public funds for the purpose of prosecuting a civil action and appeal against manufacturers of firearms. Citing to the decisions of the trial court and this court in the Beretta litigation, the taxpayers alleged that the city lacked the authority to use public funds to prosecute and appeal the Beretta
lawsuit.
The city filed a motion for summary judgment, arguing that R.C. 715.01
granted the city, a municipal corporation, the right to sue and, implicitly, the right to appeal. The trial court granted summary judgment to the city. The taxpayers have appealed,[1] raising the following three assignments of error:
 The trial court improperly determined that a city may use public funds to prosecute a legal action not authorized by that city's charter or the law of Ohio.
 The decision of the trial court dismissing the appellants-taxpayers' action is contrary to law.
 The trial court improperly granted summary judgment while issues of material fact remain.
 The issue presented in this appeal is whether the city had the authority to initiate the lawsuit against the manufacturers of firearms. This issue was not decided in the Beretta lawsuit. Therefore, we reject the taxpayers' argument that the comments by the trial court and this court concerning the merits of the Beretta lawsuit are dispositive.
In determining the limits of a municipal corporation's authority, we look to the affirmative sources of a municipal corporation's powers. Section 3, Article XVIII, of the Ohio Constitution provides,
 Municipalities shall have the authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws.
 This provision grants a city the authority to regulate or limit constitutional guarantees within its jurisdictional limits, including the right to bear arms, under the exercise of its "police power."[2]
The General Assembly has further defined the powers of municipal corporations in the Ohio Revised Code. Under this statutory grant of power, the city of Cincinnati, as a municipal corporation, has the authority to sue.[3] This authority to initiate lawsuits is incorporated in Article I of the Cincinnati Charter. The city is also vested with the authority to abate nuisances and to prevent injuries,[4]
as well as the authority to preserve the peace and good order of the community and to protect the property of the municipality and its inhabitants.[5]
It is undisputed that the city followed proper procedure when initiating the lawsuit against the manufacturers of firearms. A motion to file the lawsuit was brought before the Cincinnati City Council, debated, put to a vote, and passed by a majority of council members. The ordinance included an appropriation of $100,000 to pay the costs and expenses of the proposed litigation. After passage of the ordinance, the city, represented by its Solicitor and a local law firm, filed a complaint in the Hamilton County Court of Common Pleas against numerous manufacturers and distributors of firearms.
The taxpayers do not cite to any statute or case law limiting the city's authority to sue the manufacturers of firearms under these circumstances. But, recently, the General Assembly enacted R.C. 2305.401, effective October 8, 2001, which provides retroactive and prospective qualified immunity to members of the firearms industry. While this statute provides a new defense to manufacturers of firearms, the statute does not deprive municipal corporations such as the city of Cincinnati of the power to file a lawsuit against such defendants.[6] Accordingly, the taxpayers' argument that the city's lawsuit against the manufacturers of guns was unauthorized by the city's charter or the laws of Ohio is untenable, and summary judgment was properly entered in favor of the city.[7]
The taxpayers also argue that the trial court erred in granting judgment to the city on their claim for injunctive relief. We have already upheld the trial court's holding that the city was authorized under Ohio law to file the lawsuit. In light of this holding, the taxpayers could not demonstrate a clear right to relief and, therefore, were precluded from obtaining preliminary or permanent injunctive relief.[8] Accordingly, we overrule the taxpayers' assignments of error and affirm the trial court's entry of judgment for the city.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] We grant the appellants' motion to strike the extraneous exhibit from the appellees' brief, and we have not relied on that exhibit in deciding this appeal.
[2] See Arnold v. Cleveland (1993), 67 Ohio St.3d 35, 616 N.E.2d 163;Hale v. Columbus (1990), 63 Ohio App.3d 368, 578 N.E.2d 881.
[3] See R.C. 715.01.
[4] R.C. 715.44.
[5] R.C. 715.49.
[6] Compare Philadelphia v. Beretta U.S.A., (E.D.Pa. 2000),126 F. Supp.2d 882, holding that the Pennsylvania Uniform Firearms Act, which the Pennsylvania Supreme Court had found in 1996 deprived the city of Philadelphia of the power to regulate firearms, as amended, also deprived the city of Philadelphia of power to sue the gun industry under the theories of negligence and public nuisance. The Pennsylvania UFA amendment provided the following:
(a.1) NO RIGHT OF ACTION. — (1) No political subdivision may bring or maintain an action at law or in equity against any firearms or ammunition manufacturer, trade association or dealer for damages, abatement, injunctive relief or an any other relief or remedy resulting from or relating to either the lawful design or manufacture of firearms or ammunition or the lawful marketing or sale of firearms or ammunition to the public. (2) Nothing in this subsection shall be construed to prohibit a political subdivision from bringing or maintaining an action against a firearms or ammunition manufacturer or dealer for breach of contract or warranty as to firearms or ammunition purchased by the political subdivision.
[7] Civ.R. 56 provides that summary judgment shall be granted if the trial court, upon viewing the evidence in the light most favorable to the opposing party, determines that (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence demonstrates that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party opposing the motion.
[8] See Procter Gamble Co. v. Stoneham (2000), 140 Ohio App.3d 260,267-269, 747 N.E.2d 268, 273-274; Manos v. Harter (1995),104 Ohio App.3d 430, 433-434, 662 N.E.2d 386, 388-389.