JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Lawrence Shirk, appeals from a Cleveland Municipal Court judgment awarding $2,000 to plaintiff-appellee, Andrew Papaleo, on his complaint for damage to his automobile as a result of a collision. Appellant contends that the court erred by failing to afford him a jury trial and by not allowing him sufficient time to object to the magistrate's report before the court adopted the report and entered judgment. We agree with both of these contentions. Therefore, we reverse and remand for a new trial.
 PROCEEDINGS BELOW {¶ 2} Appellee filed his complaint in the small claims division of Cleveland Municipal Court on May 9, 2002, claiming that appellant negligently drove his vehicle through a red light and collided with appellee's vehicle. Appellee sought $2,000 in damages. Appellant answered; he and his wife counterclaimed for physical injuries they suffered as a result of the collision, as well as loss of consortium with one another. A jury demand was endorsed upon the answer and counterclaim.
 {¶ 3} Appellee moved the court to transfer the case to the general division and then to certify this matter to the common pleas court because the counterclaim exceeded the municipal court's jurisdictional limits. The court instead struck the counterclaim because it included a claimant (appellant's wife) who was not a party to the action and who had failed to obtain leave to interplead. The court then denied the motion to certify the matter to the common pleas court. However, the court sua sponte transferred the matter to the regular division of the municipal court for trial, because the defendant had paid a jury deposit.
 {¶ 4} The court set the matter for trial on May 9, 2003. On May 23, 2003, the court entered the following order:
 {¶ 5} "Magistrate's Decision approved and confirmed.
 {¶ 6} "Judgment for Plaintiff against Defendant in the amount of $2000 plus interest and court costs."
 {¶ 7} There is no order in the record referring the matter to a magistrate for trial, nor was any magistrate's decision ever filed. However, two sheets are attached to the court's judgment entry, both of which are signed by a magistrate and dated May 19, 2003. One of these appears to be minutes of court proceedings. It indicates: "Case set for hearing on May 9, 2003 before Magistrate * * * Plaintiff(s) Defendant(s) in Court. Trial had. * * * * See Magistrate's Decision." The second is entitled "Magistrate's Decision," and provides:
 {¶ 8} "The Honorable Angela R. Stokes, Judge, referred this matter to the undersigned pursuant to Civil Rule 53 and the General Order of Reference.
 {¶ 9} "The case proceeded to trial on May 9, 2003. The Plaintiff, who was pro se, and the Defendant's attorney William Derkin were present.
 {¶ 10} "As a background, this is a motor vehicle collision which occurred on April 7, 2002.
 {¶ 11} "According to the Plaintiff, the Plaintiff was traveling northbound on East 18th Street when the Defendant, who was eastbound on Euclid, entered the intersection on a red light colliding with the front left portion of the Plaintiff's 1990 Chrysler Lebaron. As a result of the collision, the vehicle was totaled. The Plaintiff presented photographs of the damaged vehicle.
 {¶ 12} "Pursuant to the uncontroverted testimony of the Plaintiff, judgment is rendered in favor of Plaintiff against the Defendant in the amount of $2,000. This amount is awarded as the vehicle was totaled and the fair market value of the vehicle at the time of the collision was in excess of $2000."
 LAW AND ANALYSIS {¶ 13} Appellant's first assignment of error complains that the municipal court denied him the jury trial he had demanded. The absence of any record of the proceedings before the magistrate would normally lead us to presume regularity, specifically, to presume that appellant had waived his right to a jury trial by failing to object to the bench trial. See, e.g.,Toma v. Toma, Cuyahoga App. No. 82118, 2003-Ohio-4344. However, Civ.R. 53(C)(1)(a)(iii) requires the parties' unanimous written consent before a matter may be referred to a magistrate for a jury trial. This prior consent requirement precludes us from finding that appellant waived his right to a jury trial by failing to object on the record to the bench trial before the magistrate.
 {¶ 14} When it transferred the case from the small claims docket to the regular docket, the municipal court recognized and accepted appellant's demand for a jury trial and his deposit in accordance with local rules. Consequently, the court could only have referred the matter to the magistrate with a written consent to a jury trial before the magistrate or a written stipulation consenting to a bench trial. See Civ.R. 39(A)(1) and 53(C)(1)(a)(ii). No such consent appears in the record. Therefore, conducting a bench trial before the magistrate in this case was error.
 {¶ 15} Appellant also argues that the court did not allow him the fourteen days required by the civil rules to object to the magistrate's decision. We agree. The magistrate's decision was never filed, so it never triggered the time for filing objections pursuant to Civ.R. 53(D)(3). The minutes attached to the court's judgment entry indicate that a copy of the magistrate's decision was mailed "this day" to the appellee and to appellant's counsel, presumably May 19, 2003, the date the minutes were signed. The court's judgment entry was journalized on May 28, 2003, only nine days later. Thus, even if the magistrate's decision did somehow trigger the time for filing objections, the court adopted the magistrate's decision too hastily.
 {¶ 16} Accordingly, we reverse and remand for a new jury trial.
Timothy E. McMonagle, P.J., and Anne L. Kilbane, J., concur.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.