JOURNAL ENTRY AND OPINION
{¶ 1} Mark T. Yager, dba Y Architects, appeals the decision of the Rocky River Municipal Court, which entered judgment in favor of appellee, KME Consulting, in the amount of $4,525 and costs with ten percent interest from January 30, 2000 relative to professional services rendered to the appellant. After a review of the record and the arguments of the parties, we affirm the decision of the trial court for the reasons set forth below.
 {¶ 2} From the record, we glean that appellee filed suit against appellant in Rocky River Municipal Court on February 12, 2003, claiming that appellant owed appellee amounts he had agreed to pay for engineering consultation on two projects for which appellant was the architect. Appellant admitted that he had done business with appellees, but that no amounts were due for the projects in question.
 {¶ 3} Trial of the matter was held before a magistrate on February 25, 2004. There is no transcript of those proceedings included in the record. The trial court adopted the magistrate's recommendation, and final judgment was issued on February 26, 2004. Appellant filed no objections to the magistrate's decision, but instead filed the instant appeal with one assignment of error.
 {¶ 4} "I. The trial court erred and abused its discretion in entering judgement based on the magistrate's decision."
 {¶ 5} Civ.R. 53 governs proceedings before a magistrate and the trial court's duties in accepting or rejecting magistrates' rulings. A party has fourteen days from the issuance of a magistrate's decision to file objections with the trial judge; the objections shall be specific and state with particularity the grounds of objection. Civ.R. 53(E)(3)(b). Any objection to a magistrate's finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is unavailable. Civ.R. 53(E)(3)(c).
 {¶ 6} The Supreme Court of Ohio has held that, pursuant to Civ.R. 53(E)(3)[(d)], a party is barred from raising any error on appeal connected with the trial court's adoption of a magistrate's finding of fact or conclusion of law unless that party timely objected to the finding or conclusion as required under the rule. State ex rel. Booher v. Honda of Am. Mfg., Inc.
(2000), 88 Ohio St.3d 52, 53-54, 723 N.E.2d 571. "`[I]t is well-settled law in Ohio that if a party fails to object to a conclusion of law or finding of fact issued by a magistrate, the party is precluded from then raising the issue for the first time on appeal.' Thomas v. Thomas, 2001 Ohio App. LEXIS 1843 (Apr. 20, 2001)." Cahill v. Phelps, Lake App. No. 2000-L-201, 2001-Ohio-8765.
 {¶ 7} In the instant case, a journal entry dated February 26, 2004 and mailed to the parties indicates that the magistrate issued a recommendation to the court on February 25, 2004, which was adopted and journalized by the court the next day. The entire magistrate's decision was included in the February 26, 2004 journal entry. Neither party requested findings of fact and conclusions of law, pursuant to Civ.R. 53(E)(2), and appellant did not file objections to the magistrate's decision.
 {¶ 8} Appellant argues that the time for filing of objections was never "triggered" because the trial court simultaneously journalized the magistrate's recommendation and the court's adoption of that recommendation. We disagree. If the trial court adopts the recommendation of the magistrate without waiting for the filing of timely objections, the filing of the same within the specified time frame shall operate as an automatic stay of execution of that judgment until the court disposes of the objections and vacates, modifies or adheres to the judgment previously entered. Civ.R. 53(E)(4)(c).
 {¶ 9} Appellant does not allege that he never received the court's journal entry of February 26, 2004, which included the magistrate's decision. Further, appellant's reliance on Papaleov. Shirk, Cuyahoga App. No. 83087, 2004-Ohio-998, is misplaced; in that case, the recommendation of the magistrate was never filed and distributed to the parties at all, but was merely included in the record as an attachment to the judgment entry. That is not the case here because the magistrate's decision in the instant case was filed and journalized with the trial court's adoption of that recommendation. Papaleo is thus distinguishable from the instant matter and does not control.
 {¶ 10} We conclude that appellant had fourteen days from the issuance of the February 26, 2004 entry to object to the magistrate's findings; because he failed to do so, we are unable to reach the merits of the case. See, State ex rel. Wilson v.Industrial Commission, 100 Ohio St.3d 23, 2002-Ohio-4832. Therefore, the appellant's sole assignment of error is not well taken.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Cooney, J., Concur.