JOURNAL ENTRY AND OPINION
{¶ 1} Appellant American Trade Exchange appeals from a decision of the Cleveland Municipal Court. For the following reasons, we affirm.
 {¶ 2} Appellee Ray, Robinson, Carle Davies, a law firm located in Cleveland, filed a complaint in the Cleveland Municipal Court against appellant, a barter company, for moneys allegedly due pursuant to the terms of an agreement entered into by the parties. The case was heard by a magistrate who found in favor of appellee and issued a decision with findings of fact and conclusions of law. The court adopted the magistrate's decision, along with the findings of fact and conclusions of law. This appeal followed.
 {¶ 3} Appellant filed its notice of appeal on October 18, 2005. In the notice, appellant appealed the Cleveland Municipal Court's decision of "October 21, 2005," attaching the magistrate's decision with the findings of fact and conclusions of law.
 {¶ 4} First, we note that the notice of appeal and all papers filed therewith state the incorrect judgment date. At first glance, it appears that appellant filed an appeal before the municipal court ever issued a decision.
 {¶ 5} Next, appellant attached the magistrate's decision, not the signed judgment entry from the court, to its notice of appeal. A magistrate's decision is not a final appealable order, and thus not reviewable by this court. City of Parma v.Blatnica, Cuyahoga App. No. 84661, 2005-Ohio-194. Although the lower court file includes the judgment entry from the judge adopting the magistrate's decision, dated September 21, 2005, the notice of appeal does not. Local Appellate Rule 3(B) states that a notice of appeal "must have attached to it a copy of the judgment or order appealed from (journal entry) signed by the trial judge * * *. The subject attachments are not jurisdictional but their omission may be the basis for a dismissal." Even if we were to overlook the typographical and procedural flaws in this appeal and not dismiss the appeal, we nevertheless must affirm, because appellant failed to file objections to the magistrate's decision in accordance with Civ.R. 53.
 {¶ 6} Civ.R. 53 governs proceedings before a magistrate and the trial court's duties in accepting or rejecting a magistrate's rulings. A party has 14 days from the issuance of a magistrate's decision to file objections with the trial judge; the objections shall be specific and state with particularity the grounds of objection. Civ.R. 53(E)(3)(b). Any objection to a magistrate's finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is unavailable. Civ.R. 53(E)(3)(c). KME Consulting L.L.C. v. Yager, Cuyahoga App. No. 84417, 2004-Ohio-6650; see, also, Magar v. Konyves, Cuyahoga App. No. 85832, 2005-Ohio-5723.
 {¶ 7} In the case at bar, the trial court adopted the magistrate's decision on the same day that the magistrate's report was filed. According to Civ.R. 53(E)(4)(c), "[t]he court may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties, but the filing of timely written objections shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered." Civ.R. 53(E)(3)(b) prohibits a party from "assigning as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 8} Here, appellant failed to file objections prior to filing this appeal. In addition, appellant failed to file or obtain a transcript of the trial proceedings.
 {¶ 9} Absent a transcript, the trial court and this court must presume regularity in the proceedings on any finding of fact made by the magistrate. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197. Moreover, by failing to file objections, appellant has waived any error on appeal from the trial court's judgment entry.
 {¶ 10} In State ex rel. Booher v. Honda of Am. Mfg. (2000),88 Ohio St.3d 52, 53-54, 2000-Ohio-269, the Supreme Court of Ohio stated the following:
"Claimant's arguments before us derive directly from the conclusions of law contained in the magistrate's decision. Claimant, however, did not timely object to those conclusions as Civ.R. 53(E)(3) requires. Civ.R. 53(E)(3)(b) prohibits a party from `assigning as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.'"
 {¶ 11} Appellate courts do not have to consider an error that the complaining party could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. State ex rel. QuartoMining Co. v. Foreman (1997), 79 Ohio St.3d 78, 1997 Ohio 71.
 {¶ 12} Appellant's failure to file objections in accordance with Civ.R. 53 precludes appellant from challenging the trial court's action in regard to adopting the magistrate's conclusions and findings on appeal. State ex rel. Wilson v. Indus. Comm'n ofOhio, 100 Ohio St.3d 23, 2003-Ohio-4832. O'Brien v. O'Brien,
Cuyahoga App. No. 86430, 2006-Ohio-1729; see, also, Davis v.Gray, Franklin App. No. 02AP-746, 2003-Ohio-1655.
 {¶ 13} Accordingly, the judgment of the court is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J., concurs; Dyke, A.J., concurs in judgmentonly.