O'BRIEN, Appellant,

v.

O'BRIEN, Appellee.

[Cite as *O'Brien v. O'Brien,* 167 Ohio App.3d 584, 2006-Ohio-1729.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 86430.

Decided April 6, 2006.

Michael J. O'Shea, for appellant.

Stafford & Stafford Co., Joseph G. Stafford, and Kenneth J. Lewis, for appellee.

Anthony O. Calabrese Jr., Judge.

I

{¶ 1} Plaintiff-appellant, Christine O'Brien, appeals the decision of the trial court adopting the magistrate's decision. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.

{¶ 2} According to the case, this matter was considered over three separate days of trial in domestic-relations court: January 3, 2003, March 3, 2004, and September 14, 2004. The lower court considered appellee Kerry O'Brien's motions for judicial hearing (review of administrative child-support order) and to modify child support and appellant's motions to dismiss and to show cause.

{¶ 3} Following the submission of written closing arguments by the parties, the magistrate issued his decision with findings of fact and conclusions of law on April 4, 2005. On April 25, 2005, the trial court issued its judgment entry. The trial court found that timely objections to the magistrate's decision were not filed and that the parties waived their right to any further hearing. The trial court adopted the magistrate's decision in its entirety and issued a judgment entry executing the same.

{¶ 4} Appellant appealed from the trial court's April 25, 2005 judgment entry. Appellee filed a motion to dismiss the within appeal for appellant's failure to (1) file objections to the magistrate's decision and (2) file a sufficient transcript of the proceedings.

{¶ 5} According to the facts, the parties were divorced on March 17, 1994. Pursuant to their judgment entry of divorce, the parties were awarded shared parenting of their one minor child, Kevin O'Brien, who was born on January 9,

1992. Appellee was ordered to pay child support to appellant in the sum of $240.24 per month plus a two percent processing fee through Cuyahoga Support Enforcement Agency ("CSEA").

{¶ 6} By an agreed judgment entry filed on February 21, 1995, the possession schedule for the parties' minor child was modified such that appellee was to have possession of the child on a rotating two-week schedule from Thursday to Sunday of each week. The provision for additional time, including holiday and summer vacations, was to remain in force. This provision allowed for substantially equal possession time of the child between the parties.

{¶ 7} On January 31, 2000, an administrative hearing officer from CSEA issued a recommendation calling for an increase in appellee's child support obligation from $240.24 per month to $452.50 per month. Various other motions were filed by the parties, but these motions were collateral and were dismissed by the trial court. Appellant now appeals.

## II

{¶ 8} Appellant's first assignment of error states as follows: "The trial court erred by not dismissing appellee's request for judicial hearing when it was undisputed that appellee failed to serve a copy of that request upon the appellant pursuant to Ohio Civ.R. 75(J)."

{¶ 9} Appellant's second assignment of error states as follows: "The trial court erred by applying a deviation from the child support guideline schedule that is not recognized or permitted under Ohio law."

{¶ 10} Appellant's third assignment of error states as follows: "The trial court erred by only applying the income of the parties which existed at the time of filing the motion to modify."

## III

{¶ 11} Our standard of review when reviewing an appeal from a decision of a trial court adopting a magistrate's decision under Civ.R. 53(E)(4) is abuse of discretion. *George Thomas Contr., Inc. v. Hackmann* (Mar. 8, 2001), Franklin App. No. 00AP–877, 2001 WL 224526. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 12} In reviewing a trial court's disposition of objections to a magistrate's report, an appellate court will not reverse the trial court's decision if it is supported by some competent, credible evidence. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 461 N.E.2d 1273.

{¶ 13} Civ.R. 53 governs proceedings before a magistrate and the trial court's duties in accepting or rejecting a magistrate's rulings. A party has 14 days from the issuance of a magistrate's decision to file objections with the trial judge; the objections shall be specific and state with particularity the grounds for objection. Civ.R. 53(E)(3)(b). Any objection to a magistrate's finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is unavailable. Civ.R. 53(E)(3)(c). *KME Consulting, L.L.C. v. Yager,* Cuyahoga App. No. 84417, 2004-Ohio-6650, 2004 WL 2847844; see, also, *Magar v. Konyves,* Cuyahoga App. No. 85832, 2005-Ohio-5723, 2005 WL 2807224.

{¶ 14} Absent a transcript, the trial court and this court must presume regularity in the proceedings on any finding of fact made by the magistrate. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 15 O.O.3d 218, 400 N.E.2d 384. "Regardless of whether a transcript has been filed, the trial judge always has the authority to determine if the referee's findings of fact are sufficient to support the conclusions of law drawn therefrom [and] come to a different legal conclusion if that conclusion is supported by the referee's findings of fact." *Hearn v. Broadwater* (1995), 105 Ohio App.3d 586, 664 N.E.2d 971.

{¶ 15} The Supreme Court of Ohio stated the following in *State v. Byrd* (1987), 32 Ohio St.3d 79, 87, 512 N.E.2d 611:

> This claim was not raised in the trial court and we need not consider it here. *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364; *State v. Awan* (1986), 22 Ohio St.3d 120, 22 OBR 199, 489 N.E.2d 277. The application of the doctrine of waiver is particularly appropriate here as there is no record on which to determine the merits of Byrd's claim. By not raising the jurisdiction issue in the trial court, defendant failed to introduce any facts into the record to support his claim.

{¶ 16} In the case at bar, appellant failed to file objections to the magistrate's decision prior to the trial court's April 25, 2005 judgment entry. In addition, appellant failed to file or obtain a transcript of the trial proceedings.

{¶ 17} The magistrate's decision was issued on April 4, 2005. Appellant was required to file her objection on or before April 18, 2005, 14 days later. It is undisputed that appellant failed to do so. Therefore, by failing to file objections, appellant has waived any error on appeal from the trial court's judgment entry.

{¶ 18} The Supreme Court of Ohio stated the following in *State ex rel. Booher v. Honda of Am. Mfg.*:[1]

---

1. *State ex rel. Booher v. Honda of Am. Mfg.* (2000), 88 Ohio St.3d 52, 53–54, 723 N.E.2d 571.

Claimant's arguments before us derive directly from the conclusions of law contained in the magistrate's decision. *Claimant, however, did not timely object to those conclusions as Civ.R. 53(E)(3) requires. Civ.R. 53(E)(3)(b) prohibits a party from "assigning as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."*

(Emphasis added.)

{¶ 19} Ordinarily, reviewing courts do not consider questions not presented to the court whose judgment is sought to be reversed. Nor do appellate courts have to consider an error that the complaining party could have called, but did not call, to the trial court's attention at a time when the error could have been avoided or corrected by the trial court. *State ex rel. Quarto Mining Co. v. Foreman* (1997), 79 Ohio St.3d 78, 679 N.E.2d 706.

{¶ 20} Appellant's failure to file objections to the magistrate's decision in accordance with Civ.R. 53 precludes appellant from challenging the trial court's action in regard to adopting the magistrate's conclusions and findings on appeal. See *Davis v. Gray*, Franklin App. No. 02AP–746, 2003-Ohio-1655, 2003 WL 1701363.

{¶ 21} We find the magistrate's decision issued on April 4, 2005, and the subsequent judgment entry of April 25, 2005, to be proper. The trial court's actions were appropriate and do not constitute an abuse of discretion. The evidence in the record demonstrates that appellant failed to object to the magistrate's decision in a timely manner. Therefore, appellant is now precluded from raising these issues on appeal. Accordingly, appellant's assignments of error are overruled.

Judgment affirmed.

BLACKMON, J., concurs.

DYKE, A.J., dissents.

DYKE, Administrative Judge, dissenting.

{¶ 22} I respectfully dissent. The majority contends that appellant's failure to file objections to the magistrate's decision precluded her from filing an appeal challenging the trial court's action in adopting the magistrate's conclusions and findings on appeal. I would, however, hold that because the trial court did not have continuing jurisdiction pursuant to Civ.R. 75(J), any subsequent actions are null and void ab initio. In other words, the issue of appellant's failure to object to the magistrate's decision should be rendered moot by the fact that the magistrate never had jurisdiction to conduct the judicial hearing in the first place. Conse-

quently, any failure of appellant to file objections to the magistrate's decision is irrelevant, as the decision itself, born from the hearing, was null and of no legal effect.

{¶ 23} As previously stated, I would find that the trial court did not have personal jurisdiction to conduct the judicial hearing, because service was not perfected pursuant to Civ.R. 75(J). Appellee maintains that pursuant to R.C. 3113.216, appellee was not required to perfect service of the motion upon appellant. For the following reasons, I agree with appellant and would find that the trial court did not have jurisdiction to conduct the judicial hearing.

{¶ 24} In order to effectively invoke the continuing jurisdiction of a trial court after a divorce decree has been issued and finalized, Civ.R. 75(J) requires service in accordance with Civ.R. 4 through 4.6. Civ.R. 75(J) states as follows:

{¶ 25} "Rule 75. Divorce, Annulment, And Legal Separation Actions

{¶ 26} "(A) Applicability.—The Rules of Civil Procedure shall apply in actions for divorce, annulment, legal separation, and related proceedings, with the modifications or exceptions set forth in this rule.

{¶ 27} " * * *

{¶ 28} "(J) Continuing jurisdiction.—The continuing jurisdiction of the court shall be invoked by motion filed in the original action, notice of which shall be served in the manner provided for the service of process under Civ. R. 4 to 4.6. When the continuing jurisdiction of the court is invoked pursuant to this division, the discovery procedures set forth in Civ. R. 26 to 37 shall apply."

{¶ 29} In *Hansen v. Hansen* (1985), 21 Ohio App.3d 216, 218, 21 OBR 231, 486 N.E.2d 1252, the court stated, "[A] court does not have continuing jurisdiction to consider a motion for modification of custody, support and alimony where the requirements of service of process under Civ.R. 75(I) [current Civ.R. 75(J) ] have not been met." See, also, *Grubic v. Grubic*, Cuyahoga App. No. 82462, 2003-Ohio-3680, 2003 WL 21570497; *Szymczak v. Szymczak* (2000), 136 Ohio App.3d 706, 711, 737 N.E.2d 980; *Carson v. Carson* (1989), 62 Ohio App.3d 670, 673, 577 N.E.2d 391. In the instant action, on or about February 16, 2000, appellee requested a judicial hearing "on the recommendation of the Child Support Agency * * * as to support modification to Ohio Revised Code Section 3113.216(C)(3)." Thus, pursuant to *Hansen*, the motion for judicial hearing, an equivalent to a motion for modification of support, necessarily sought to invoke the continuing jurisdiction of the court. *Hansen*, supra; see, also, *Brennan v. Brennan* (Mar. 12, 1996), Franklin App. No. 95APF10–1288, 1996 WL 112652. In order to invoke the jurisdiction of the court, however, Civ.R. 75(J) proscribes that service must have been perfected upon appellant pursuant to Civ.R. 4 to 4.6. *Hansen*, supra.

{¶ 30} In the instant matter, the trial court did not have jurisdiction to conduct the hearing because service of the motion for judicial hearing was not perfected upon appellant. It is undisputed that appellee failed to perfect service of the motion upon appellant. Furthermore, a review of the record shows that service of the trial court's February 22 judgment entry wherein the court acknowledged appellant's request for a judicial hearing was not perfected upon appellant. Therefore, appellee did not satisfy the requirements of Civ.R. 75(J). Thus, the court did not have jurisdiction to conduct the judicial hearing.

{¶ 31} The trial court determined, and appellee argues, that appellee was not required to serve appellant with his motion for judicial hearing. In asserting this proposition, the trial court and appellee rely on former R.C. 3113.216, which did not require appellee to serve appellant with notice of the judicial hearing. I, however, would find that the service requirements set forth in Civ.R. 75(J) prevail over the conflicting requirements set forth in former R.C. 3113.216. See *Rockey v. 84 Lumber Co.* (1993), 66 Ohio St.3d 221, 225, 611 N.E.2d 789. In *Rockey,* the Supreme Court of Ohio stated as follows:

{¶ 32} "The Civil Rules are the law of this state with regard to practice and procedure in our state courts. The Ohio Rules of Civil Procedure, which were promulgated by the Supreme Court pursuant to Section 5(B), Article IV of the Ohio Constitution, must control over subsequently enacted inconsistent statutes purporting to govern procedural matters. This interpretation is the only one consistent with the original reason for adopting Section 5(B), Article IV of the Ohio Constitution—that of constitutionally granting rule-making power to the Supreme Court." (Citations omitted.) Id. at 224–225, 611 N.E.2d 789.

{¶ 33} Here, as I stated previously, filing the motion for judicial hearing seeking modification of support obligations, appellee was seeking to invoke the court's continuing jurisdiction. Therefore, appellee was required to meet the service requirements set forth in Civ.R. 75(J). R.C. 3113.21 through 3113, however, proscribes that a party requesting a judicial hearing is under no obligation to serve the adverse party pursuant to Civ.R. 4. Instead, the statute requires that the court merely "give the obligor, obligee, and agency at least thirty days' notice of the date, time, and location of hearing." R.C. 3113.21(C)(1)(c)(ii). Accordingly, as the statute is in conflict with the service requirements of Civ.R. 75(J) on a procedural matter, the requirements of R.C. 3113.216 are "invalid and of no force and effect" and Civ.R. 75(J) prevails. See *Rockey,* supra.

{¶ 34} As previously stated, having determined that the trial court did not have continuing jurisdiction pursuant to Civ.R. 75(J), I would find that the trial court's actions and judgments are null and void ab initio. See *Hansen,* supra, quoting *In re James* (Dec. 24, 1981), Henry App. No. 7-80-10, 1981 WL 6749; *Patton v.*

*Diemer* (1988), 35 Ohio St.3d 68, 70, 518 N.E.2d 941. Accordingly, any of the court's subsequent actions were erroneous and appellant's remaining two assignments of error are well taken. See *Hansen,* supra.

{¶ 35} Moreover, appellee's motion to dismiss appellant's appeal should be denied. In light of finding the trial court's actions during the judicial hearing null and void ab initio, the issue of appellant's failure to object to the magistrate's decision should be rendered moot. Moreover, because appellant, in her first assignment of error, seeks to appeal conclusions of law and not factual findings, I would also find that appellant did not need to provide this court with a transcript of the hearings. For these reasons, appellee's motion to dismiss this appeal should be denied. Accordingly, I would reverse the judgment of the trial court.

{¶ 36} Furthermore, even if I disregard the trial court's lack of jurisdiction, I would still conclude that appellant was permitted to raise her first assignment of error on appeal as she was not required to file objections to the magistrate's decision with regard to that issue.

{¶ 37} It is undisputed that appellant failed to file objections to the magistrate's decision. The majority contends that by failing to do so, appellant is now precluded from filing an appeal challenging the trial court's action in adopting the magistrate's conclusions and findings on appeal. In so holding, the majority relies on Civ.R. 53(E)(3)(b).

{¶ 38} Under Civ.R. 53(E)(3)(a), a party disapproving of a magistrate's decision has 14 days from the filing of the decision to file written objections. If no timely objections are filed, Civ.R. 53(E)(3)(b) provides as follows:

{¶ 39} "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."

{¶ 40} While it is true that Civ.R. 53(E)(3)(b) provides that a party's failure to timely object precludes that party from appealing the magistrate's findings of fact or conclusion of law, another section of Civ.R. 53, Civ.R. 53(E)(4)(a), provides that "[t]he court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision." In light of this section, I am compelled to conclude, as did other appellate courts within this state, that an appellant may file an appeal based on a claimed error of law that is apparent from the face of the magistrate's decision even though no earlier objection was raised. See *Group One Realty, Inc. v. Dixie Intl. Co.* (1998), 125 Ohio App.3d 767, 769, 709 N.E.2d 589; *Booth v. Booth,* Portage App. No. 2002–P–0099, 2004-Ohio-524, 2004 WL 231505; *Perko v. Perko,* Geauga App. Nos. 2001–G–2403, 2002–G–2435, and 2002–

G–2436, 2003-Ohio-1877, 2003 WL 1871003; *Champion v. Dunns Tire & Auto, Inc.* (June 26, 2001), Mahoning App. No. 00 CA 42, 2001 WL 741630.

{¶ 41} In the instant matter, appellant's first assignment of error is based on a claimed error of law. More specifically, appellant's assertion that the trial court erred in not dismissing appellee's request for judicial hearing when it is undisputed that appellee failed to serve a copy of that request upon appellant pursuant to Civ.R. 75(J) is an error of law that is apparent from the face of the magistrate's decision. In the decision, the magistrate relied on former R.C. 3113.216 in finding that a party is not required to serve the opposing party with notice of a judicial hearing. The trial court adopted the magistrate's decision. Appellant contends that in adopting the magistrate's decision, the trial court failed to correct an apparent error of law in that Civ.R. 75(J) requires a party to serve an opposing party with notice of a judicial hearing. Such an assertion does not involve any factual determination and is based entirely on an error of law that is apparent from the face of the decision. Accordingly, I would find that appellant is not precluded from filing an appeal of the trial court's adoption of the magistrate's decision with regard to appellant's first assignment of error. As the court in *Caskey v. Lordstown Dev. Corp.* (July 12, 2000), Trumbull App. No. 99–T–0034, 2000 WL 973356, reasoned, "[t]o reject [this] rationale would be to say that an otherwise appealable order, approved and signed by a judge is not subject to appeal even when the claimed error is one of law and was visible on the face of the magistrate's decision."

{¶ 42} The majority also relies on the Supreme Court of Ohio's decision in *Booher v. Honda of Am. Mfg.* (2000), 88 Ohio St.3d 52, 723 N.E.2d 571. *Booher*, however, is distinguishable from the instant matter because in *Booher*, Civ.R. 53(E)(3)(b) was applicable, while in this case, Civ.R. 53(E)(4)(a) is applicable. *Booher*, 88 Ohio St.3d at 52, 723 N.E.2d 571. In *Booher*, the magistrate denied claimant's writ after finding that the commission's decision was supported by "some evidence." Id. In so doing, the magistrate's decision, on its face, concerned the weight of the evidence. Such a decision concerns Civ.R. 53(E)(3)(b), and not Civ.R. 53(E)(4)(a), because the decision is not an error of law apparent from the face of the decision. See *Champion v. Dunns Tire & Auto, Inc.* (June 26, 2001), Mahoning App. No. 00 CA 42, 2001 WL 741630 (noting that in *Booher* "the Supreme Court affirmed a decision using the no objection/no appeal language without reference to the possible exception contained in Civ.R. 53(E)(4)(a)").

{¶ 43} For the foregoing reasons, had I decided to disregard the court's lack of jurisdiction, I would nevertheless dissent from the majority and permit appellant to continue her appeal as to her first assignment of error.