JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Melinda Jordan, appeals from a common pleas court order granting summary judgment in favor of the defendants-appellees, Mae, Mark and Chinchu Borden[1] and Roberta and Clarence Ketchum. Jordan urges that genuine issues of material fact precluded judgment on her claims. We find there were no genuine issues of material fact and appellees were entitled to judgment as a matter of law. Therefore, we affirm.
 Procedural History {¶ 2} The complaint in this case was originally filed April 30, 2007, and was amended without leave on May 8, 2007, before the defendants answered. See Civ. R. 15(A). The amended complaint alleged that the defendants-appellees were the owners of real property located at 3200 Oak Road, Cleveland Heights, Ohio, and entered into a purchase agreement on July 29, 2006 for the sale of the property to Jordan. Jordan claimed that the defendants-appellees falsely represented that the property was habitable, failed to disclose defects, including a leaking ceiling, defective plumbing and black mold, and purposely concealed the defects with the intent to deceive Jordan and to induce her to rely upon the misrepresentations or non-disclosures. *Page 3 
 {¶ 3} Defendant-appellee, Mae Borden, answered and counterclaimed, asserting that she transferred the subject property to Mark Borden and Roberta Ketchum in 2002, that she took no part in the sale of the property to Jordan in 2006, that these facts were a matter of public record, and accordingly the complaint against her was frivolous pursuant to R.C. 2323.51. The remaining defendants-appellees also answered and counterclaimed on the ground that the complaint was frivolous.
 {¶ 4} The defendants jointly moved for summary judgment on September 26, 2007. Attached to their motion was an affidavit from defendant-appellee Roberta Ketchum and excerpts from Jordan's deposition; the motion was later supplemented with an affidavit from Mark Borden. Jordan responded, also attaching excerpts from her deposition. On November 7, 2007, the court entered the following order:
 Upon review of defendant's motion for summary judgment, plaintiff's brief in opposition and the evidence present[ed], the court finds that reasonable minds can come to but one conclusion, being that plaintiff [sic] is entitled to judgment as a matter of law. Defendant's motion for summary judgment is granted. All claims asserted in the complaint are dismissed with prejudice. The counterclaim remains pending. Partial.
 {¶ 5} Thereafter, the court entered the following order:
 [Final pretrial] held; upon review of the counterclaim, the court determines that an alleged violation of O.R.C. 2323.51 may not be pled as a counterclaim, but must be presented as a Rule 11 motion. Therefore, the case is dismissed with prejudice. This court retains jurisdiction over all post-judgment motions. Final. Court cost assessed to the plaintiff(s).
 Facts *Page 4 {¶ 6} The evidence attached to the parties' briefs on summary judgment disclose the following undisputed facts. The home at issue is approximately 80 years old, and was acquired by defendant-appellee Mae Borden and her husband, William, in 1952. Approximately forty years ago, William Borden covered the plaster ceiling in the kitchen with aluminum foil and installed fluorescent light fixtures and a dropped ceiling of translucent plastic panels. According to his children, appellees Mark Borden and Roberta Ketchum, William Borden believed that the foil would reflect more light down into the room.
 {¶ 7} William Borden passed away in 2000. Mae Borden transferred the property to her children, Mark Borden and Roberta Ketchum. Mae Borden moved to a one-bedroom apartment, and her children decided to sell her home.
 {¶ 8} In 2006, Mark Borden and Roberta Ketchum had a new roof put on the house. There was a three-year warranty on the labor and materials. A point-of-sale inspection was conducted by the City of Cleveland Heights, and Borden and Ketchum repaired all violations. Borden and Ketchum executed a "residential property disclosure form" which disclosed that they did not occupy the property, that they had not had a mold inspection, and that they were not aware of any leaks or water-or moisture-related damage.
 {¶ 9} Jordan, Mark and Chinchu Borden, and Roberta and Clarence Ketchum executed a purchase agreement on August 5, 2006, pursuant to which appellant *Page 5 
agreed to purchase the property "in its `AS IS' PRESENT PHYSICAL CONDITION [emphasis in original]," subject to a general home inspection and a lead-based paint inspection. On August 23, 2006, these contingencies were removed, subject to the condition that the defendants-appellees perform certain electrical, glazing, plumbing and furnace repairs. Defendants-appellees agreed to purchase a home warranty for Jordan. This warranty did not cover pre-existing defects.
 {¶ 10} At her deposition, Jordan testified that she noticed a leak in her kitchen in February or March 2007. She was having the dropped ceiling and light fixtures and the wallpaper removed. She came home to discover that the contractor had placed two buckets on the floor to catch water falling from the ceiling. When the ceiling panels and lights were removed, she saw layers of "aluminum foil, newspaper and an indication of plaster and mold." She discovered that the water was leaking in from a balcony off a bedroom above the kitchen. At the time of her deposition in September 2007, she had not had the roof repaired.
 {¶ 11} Jordan testified that she had looked above the dropped ceiling in the kitchen prior to March 2007, and did not observe any mold because the ceiling was covered in foil. She said that, based on the dates on the newspaper, the foil and newspaper had been on the ceiling for forty or fifty years, and had been affixed with some kind of glue or plaster. She conceded that she did not know that the defendants-appellees had done anything to conceal the mold because "I didn't know the Bordens prior to this purchase." However, she claimed that, based on the extent *Page 6 
of the mold, it had to have been present for an extended period of time, and the defendants had to have been aware of it because of "the great lengths they went through to cover it up." She discounted the possibility that the mold developed after the newspaper and foil had been put up because there were plaster repairs "placed to try and cover up a * * * section that was leaking, and the section that had the mold." She was aware that the roof had been replaced shortly before she bought the house, but was not aware that there was a warranty on it.
 Law and Analysis {¶ 12} We review the trial court's decision on summary judgment de novo, applying the same standard of review the trial court used. "Pursuant to Civ. R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party, said party being entitled to have the evidence construed most strongly in his favor." Zivich v. Mentor Soccer Club, Inc., 82 Ohio St.3d 367,369, 1998-Ohio-389.
 {¶ 13} Jordan describes her complaint as alleging claims for fraudulent inducement and fraudulent concealment. She contends that the mold was a latent defect which the defendants-appellees were obliged to disclose. She further contends that defendants-appellees actively concealed the leak and the mold. *Page 7 
 {¶ 14} First, there is no evidence that defendant-appellee Mae Borden made any representations to Jordan, or that she occupied such a relationship to Jordan that she owed Jordan a duty to disclose. Mae Borden's children sold the property to Jordan, not Mae Borden herself. She did not have any relationship with Jordan. Therefore, summary judgment was properly granted to Mae Borden.
 {¶ 15} With respect to the remaining defendants, we will consider the issues of fraudulent non-disclosure and fraudulent concealment separately. The Ohio Supreme Court has held that "[a]n action for fraud may be grounded upon failure to fully disclose facts of a material nature where there exists a duty to speak. * * * [A] vendor has a duty to disclose material facts which are latent, not readily observable or discoverable through a purchaser's reasonable inspection. Miles v.McSwegin (1979), 58 Ohio St. 2d 97." Layman v. Binns (1988),35 Ohio St.3d 176, 178. A vendor's disclosure duty does not require omniscience: "[I]n order to prove fraudulent nondisclosure, appellant must also show actual knowledge on the part of appellees." Reardon v. Hale, Warren App. No. CA2006-09-105, 2007-Ohio-4351, ¶ 16. In connection with residential real estate transactions such as the one at issue here, the duty to disclose is codified by R.C. 5302.30. Liability for failure to disclose under this statute is limited to matters within the transferor's actual knowledge. See R.C. 5302.30(F)(1).
 {¶ 16} In this case, there is no evidence that the defendants-appellees knew of the leak or the mold above the dropped ceiling in the kitchen. They had not *Page 8 
occupied the premises since they were children. There is no evidence that they installed the newspaper and foil or had it installed; rather, the evidence indicated that the newspaper and foil were installed some forty to fifty years ago by their father. Defendants-appellees could not have known the condition of the ceiling under these layers. Indeed, Jordan did not observe the leak or mold herself until after she had lived in the house for five or six months, when she had the dropped ceiling and fluorescent light fixtures and the foil and newspaper removed. There was no evidence that the defendants-appellees had knowledge of the leak or the mold, so they had no duty to disclose these defects to Jordan.
 {¶ 17} There was also no evidence that the defendants-appellees concealed the leak or the mold. Once again, there was no evidence that they even knew about the leak or mold. As noted above, the dropped ceiling and the layers of newspaper and foil had been in place for some forty or fifty years, and had been placed there by the defendants-appellees' father. There was no evidence that the purpose of this work was to conceal a leak or mold or that the defendants-appellees knew it. There was no evidence that the defendants-appellees did anything to hide the leak or mold.
 {¶ 18} Finally, Jordan contends that the defendants-appellees may be liable for misrepresentations made by their real estate agent. There is no evidence in *Page 9 
the record of any representations made by the real estate agent. Therefore, this argument is irrelevant.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. *Page 10 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and PATRICIA ANN BLACKMON, J., CONCUR
[1] The original complaint misspelled the defendant's name, resulting in the misspelling in the case caption. *Page 1