[Cite as *Lupica v. Lupica*, 2011-Ohio-5664.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96266**

## ANNIE LUPICA

PLAINTIFF-APPELLEE

vs.

## CHARLES LUPICA

DEFENDANT-APPELLANT

### JUDGMENT:
### REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DV-332863

**BEFORE:** Kilbane, A.J., Rocco, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 3, 2011

**ATTORNEYS FOR APPELLANT**

Gregory J. Moore
Joseph G. Stafford
Stafford & Stafford Co., L.P.A.
55 Erieview Plaza - 5th Floor
Cleveland, Ohio 44114


**ATTORNEY FOR APPELLEE**

Cara L. Santosuosso
Laubacher & Company
Westgate Towers - Suite 626
20525 Center Ridge Raod
Rocky River, Ohio 44116


MARY EILEEN KILBANE, A.J.:

{¶ 1} Defendant-appellant, Charles Lupica (Charles), appeals the trial court's judgments sustaining plaintiff-appellee, Annie Lupica's (Annie), objections to the magistrate's decision and granting her a domestic violence civil protection order. Finding merit to the appeal, we reverse the decision of the trial court and remand for the trial court to vacate the domestic violence civil protection order.

{¶ 2} On August 9, 2010, Annie filed a domestic violence civil protection order (CPO) ex parte under R.C. 3113.31. The trial court held an ex parte hearing, at which

Annie testified that Charles hit her while she was cutting their minor son's hair (C.L.).[1] Annie also testified that as a result of this incident, Charles was convicted of domestic violence in Rocky River Municipal Court. The Rocky River Municipal Court issued a temporary criminal protection order for Annie and C.L. Annie further testified that she is afraid that Charles is going to kill her because of previous threats he has made. The trial court granted the CPO ex parte and set the matter for a hearing ten court days later, on August 23, 2010. As part of the ex parte order, the court granted exclusive possession of the marital residence to Annie and ordered that Charles shall not return or interfere with the residence.

{¶ 3} On August 23, 2010, the matter proceeded to a hearing before the magistrate. At the hearing, Charles's counsel moved to dismiss the ex parte CPO, arguing that the hearing should have been set within seven court days after the court's order, which would have been on August 18, 2010. Defense counsel claimed that the revised code mandates a hearing within seven days when an individual is ordered away from the marital residence. Annie's counsel argued that under the terms of Charles's probation, through Rocky River Municipal Court, Charles is already barred from the residence so a hearing within ten court days was required.

{¶ 4} After the hearing, the magistrate issued a decision, finding that as part of Charles's sentence in his criminal domestic violence case, he was "ordered to stay away

---

[1]In accordance with this court's established policy, initials are used in the place of the child's full name to protect the identity of the minor child.

from [Annie and C.L.] during the pendency of [Charles's] Court supervision. Therefore, [Charles], by Court order, has been unable to return to the marital home since the time of his arrest. He did not vacate the marital residence voluntarily. Therefore, the provisions of [R.C. 3113.31(D)(2)(a)] require that the matter be heard within seven Court days of the issuance of the [ex parte CPO.] It was not." As a result, the magistrate dismissed Annie's CPO.

{¶ 5} Annie then objected to the magistrate's decision. The trial court sustained Annie's objections, without explanation, and set the matter for a hearing on November 30, 2010. The trial court found, without addressing whether the hearing should have been held within seven court days, that Annie met her burden of proof that Charles committed acts of domestic violence and placed her by threat of force in fear of imminent serious physical harm. The court further found that Annie did not meet her burden of proof that Charles abused C.L. Therefore, the court concluded that the ex parte CPO with respect to Annie shall remain in full force and effect until further order of the court or five years from the date of the hearing and the court denied the ex parte CPO with respect to C.L.

{¶ 6} Charles now appeals, raising four assignments of error for review. We shall address the fourth assignment of error first as it is dispositive.

ASSIGNMENT OF ERROR FOUR

**"The trial court erred and/or abused its discretion by sustaining [Annie's] objections to the magistrate's decision."**

{¶ 7} We review an appeal from a trial court's order regarding a magistrate's

decision under an abuse of discretion standard. *Demming v. Smith*, Cuyahoga App. No. 94106, 2010-Ohio-4134, ¶28, citing *O'Brien v. O'Brien*, 167 Ohio App.3d 584, 2006-Ohio-1729, 856 N.E.2d 274. An abuse of discretion "'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 404 N.E.2d 144.

{¶ 8} Civ.R. 53 governs proceedings before a magistrate and the trial court's duties with respect to a magistrate's ruling. Civ.R. 53(D)(4)(d) provides in pertinent part that "[i]f one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." An appellate court must uphold the trial court's decision as long as it is supported by some competent, credible evidence. *O'Brien* at ¶12, citing *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 461 N.E.2d 1273.

{¶ 9} Charles argues that the trial court should have held a hearing on the CPO within seven court days after the ex parte CPO was issued as set forth in R.C. 3113.31(D)(2)(a). Charles contends that the August 9, 2010 ex parte CPO granted exclusive use of the marital residence to Annie and ordered him not to return to the residence. Prior to the hearing, Charles was not "voluntarily" vacated from the marital residence. Thus, he claims that the magistrate properly dismissed the matter and the trial

court abused its discretion by sustaining Annie's objections to the magistrate's decision. We agree.

{¶ 10} Under R.C. 3113.31(D)(2)(a), "[i]f the court, after an ex parte hearing, issues an order described in division (E)(1)(b) or (c) of this section, the court shall schedule a full hearing for a date that is within seven court days after the ex parte hearing. If any other type of protection order that is authorized under division (E) of this section is issued by the court after an ex parte hearing, the court shall schedule a full hearing for a date that is within ten court days after the ex parte hearing." R.C. 3113.31(E)(1) provides in pertinent part that:

> **"After an ex parte or full hearing, the court may grant any protection order, with or without bond, or approve any consent agreement to bring about a cessation of domestic violence against the family or household members. The order or agreement may:**
>
> **\* \* \***
>
> **(b) Grant possession of the residence or household to the petitioner or other family or household member, to the exclusion of the respondent, by evicting the respondent, when the residence or household is owned or leased solely by the petitioner or other family or household member, or by ordering the respondent to vacate the premises, when the residence or household is jointly owned or leased by the respondent, and the petitioner or other family or household member[.]"**

{¶ 11} This seven-court day provision contemplates that a full hearing is necessary when the court grants the petitioner sole occupancy of the residence,

{¶ 12} if the residence is jointly owned by the petitioner and the respondent. See R.C. 3113.31(E)(1)(b).

**{¶ 13}** In the instant case, a review of the record reveals that the Rocky River Municipal Court ordered Charles to have no contact with Annie and C.L. during his probation. Then, on August 9, 2010, Annie filed a domestic violence CPO, listing a separate address for Charles. Charles was living with his parents at that time because of the no contact order by Rocky River Municipal Court. As a result, Charles never left the marital residence voluntarily.

**{¶ 14}** When the trial court granted exclusive possession of the residence to Annie and ordered Charles not to return, the trial court vacated Charles from the marital residence. Thus, a seven-court day hearing under R.C. 3113.31(E)(1)(b) was required. Because there is no competent credible evidence supporting the trial court's decision, we find that the magistrate correctly dismissed Annie's petition. Thus, the trial court abused its discretion when it sustained Annie's objections to the magistrate's decision.

**{¶ 15}** Accordingly, the fourth assignment of error is sustained.

**{¶ 16}** Charles's remaining assignments of error state:

ASSIGNMENT OF ERROR ONE

**"The trial court erred and/or abused its discretion by granting [Annie's] petition for domestic violence civil protection order; and by terminating the proceedings to their completion."**

ASSIGNMENT OF ERROR TWO

**"The trial court erred and/or abused its discretion by applying the incorrect standard when it issued a civil protection order against [Charles]."**

ASSIGNMENT OF ERROR THREE

**"The trial court's decision is against the manifest weight of the evidence; and the evidence is insufficient to support the trial court's finding and decision."**

{¶ 17} However, based on our disposition of the fourth assignment of error, we find the remaining assignments of error moot.   See App.R. 12(A)(1)(c).

{¶ 18} Judgment is reversed and the matter is remanded to the trial court with instructions to vacate the domestic violence civil protection order.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Court of Common Pleas, Division of Domestic Relations, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

KENNETH A. ROCCO, J., and
EILEEN A. GALLAGHER, J., CONCUR