[Cite as *Montgomery v. Vargo*, 2016-Ohio-809.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 102830**

---

**SIMON MONTGOMERY**

PLAINTIFF-APPELLEE

vs.

**DON VARGO**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
REVERSED

---

Civil Appeal from the
Berea Municipal Court
Case No. 04CV1002343

**BEFORE:** S. Gallagher, J., Celebrezze, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** March 3, 2016

**ATTORNEY FOR APPELLANT**

Mark M. George
5005 Rockside Road, Suite 600
Independence, Ohio   44131


**FOR APPELLEE**

Simon Montgomery, pro se
3637 South Green Road
Beachwood, Ohio   44122

SEAN C. GALLAGHER, J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Don Vargo appeals Berea Municipal Court's award of $1,500, imposed against him for allegedly failing to disclose to Simon Montgomery the existence of a material defect in a house before the sale of the property. For the following reasons, we reverse the decision of the trial court and enter judgment in favor of Vargo.

{¶2} Montgomery purchased a house from Vargo in December 2011. In October 2013, Montgomery noticed water leaking through the center of the ceiling in one room of the house. The parties refer to this room as the "den." The den was an addition completed before Vargo's ownership. A flat roof was installed on the addition, instead of sharing the roof line of the existing structure. Montgomery hired a contractor to inspect the damage, which was determined to be rotted wood. The contractor told Montgomery the roof needed to be replaced, ultimately costing $2,939.55. Montgomery approached Vargo in an effort to force Vargo to cover the costs.

{¶3} When Vargo purchased the property in a foreclosure sale, the den had a fireplace. The chimney was attached as an appendage to the exterior wall of the room. When Vargo owned the property, which was only for a few months, the chimney had a two- to three-inch crack forming between the chimney and the building. Vargo removed the chimney and fireplace, and re-sided that portion of the house. There was no evidence that the separation of the chimney caused any damage to the building, that the separation was caused by a latent defect in the structure of the building, or that the roof was repaired or in need of repair after the chimney was removed.

**{¶4}** Vargo did not mention the renovation to the den in the residential property disclosure form. Montgomery contends that Vargo fraudulently concealed the damage to the chimney by negatively responding to the question "do you know of any movement, shifting, deterioration, material cracks/settling (other than visible minor cracks or blemishes) or other material problems with the foundation, basement/crawl space, floors or interior/exterior walls?" This is the crux of the current dispute.

**{¶5}** In a trial before a magistrate in small claims court, Montgomery was awarded $1,500 in damages.[1] According to the magistrate's decision, Vargo should have disclosed the removal of the chimney and fireplace feature of the house pursuant to R.C. 5302.30, but the property was nonetheless purchased in "as is" condition. In other words, judgment was entered in favor of Montgomery solely because of the finding that Vargo failed to disclose a fact that the court found he had a duty to disclose. Over Vargo's objection, the trial court adopted the magistrate's decision in its entirety. Vargo timely appealed, in pertinent part claiming the trial court erred because the removal of the fireplace and chimney was unrelated to the defect, the rotted roof.

**{¶6}** The trial court's decision to adopt a magistrate's decision is reviewed under an abuse of discretion review. *Butcher v. Butcher*, 8th Dist. Cuyahoga No. 95758, 2011-Ohio-2550, ¶ 7, citing *O'Brien v. O'Brien*, 167 Ohio App.3d 584, 2006-Ohio-1729, 856 N.E.2d 274 (8th Dist.). An abuse of discretion implies a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). In this case, liability was imposed because of the failure to disclose a fact under which the seller

---

[1] The actual award calculation is not an issue raised on appeal.

owed a duty to disclose. The judgment must be reversed. Ohio law does not impose liability based on the mere failure to disclose.

{¶7} In Ohio, an "as is" purchaser of residential property has a limited right to impose liability upon a seller for latent defects discovered after the sale is completed. "In the absence of evidence of fraudulent representation or fraudulent concealment, an 'as is' clause in a real estate contract and the principle of caveat emptor preclude a buyer from recovery for claims arising from latent defects." *Wolk v. Paino*, 8th Dist. Cuyahoga No. 93095, 2010-Ohio-1755, ¶ 38, citing *Scafe v. Property Restorations, Ltd.*, 8th Dist. Cuyahoga No. 84447, 2004-Ohio-6296, ¶ 14, and *Yahner v. Kerlin*, 8th Dist. Cuyahoga No. 82447, 2003-Ohio-3967, ¶ 20. In this case, the court determined that the defect at issue, the rotted roof, was a latent defect unknown to either party until October 2013, two years after Montgomery purchased the property. Further, the trial court concluded Montgomery purchased it "as is," and that conclusion was not appealed. In the absence of fraud, therefore, Montgomery cannot recover any damages from Vargo.

{¶8} In order to substantiate a fraudulent concealment claim, a plaintiff must establish the following:

> (1) concealment of a fact when there is a duty to disclose[,] (2) that it is material to the transaction at hand, (3) made falsely, with knowledge of its falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, and (4) with intent to mislead another into relying upon it, (5) justifiable reliance on the representation or concealment and (6) resulting injury proximately caused by the reliance.

*Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 27.

**{¶9}** In this case, as argued by Montgomery, the duty to disclose "the removal of the chimney" stemmed from R.C. 5302.30. The duty to disclose, however, is but one element of a fraudulent concealment claim. R.C. 5302.30 does not give rise to an independent cause of action. The statute merely codifies a party's duty to disclose certain facts for the purposes of residential real estate transactions. *Jordan v. Bordan*, 8th Dist. Cuyahoga No. 90758, 2008-Ohio-5490, ¶ 15. The plaintiff must still present evidence substantiating all other elements of the fraud claim. Even if Vargo breached a duty to disclose, there was no evidence presented of any justifiable reliance on that concealment that proximately caused the injury for which damages were sought. In other words, there was no evidence that the rotted roof was even remotely related to the removal of the fireplace in the den or the chimney attached to the side of the house.[2]

**{¶10}** Montgomery needed to prove all elements of a fraud claim and not that Vargo simply failed to disclose a fact under which an arguable duty to do so existed. The failure to disclose any fact in a residential property disclosure form does not open the seller to liability for all latent defects later discovered. *Riggins v. Bechtold*, 1st Dist. Hamilton No. C-010541, 2002-Ohio-3291, ¶ 15. As with all tort claims in general, there has to be a connection between the failure to disclose and the injury.

**{¶11}** In *Bechtold*, the plaintiff sought to impose liability against the sellers of a property after experiencing water intrusion in various areas of the house. In an effort to demonstrate fraud, the plaintiff claimed that the sellers failed to disclose the facts that the roof had been

---

[2] There is no evidence in the record to support Montgomery's theory that the chimney was a structural component of the building or that the separation of the chimney from the exterior wall was caused by movement, shifting, or any other material problem with the exterior wall.

replaced and the basement bathroom remodeled in the residential property disclosure form. *Id.* The First District held that such a disclosure was irrelevant to the actual injury underlying the fraudulent concealment claim. *Id.* As the court concluded, even if a duty to disclose the new roof and remodel existed, the plaintiff failed to demonstrate that the new roof or basement renovation had contributed to the water damage problems caused by deteriorated areas around the house. *Id.* The failure to connect the damage to the lack of disclosure was dispositive.

{¶12} The same result must follow in this case. Montgomery failed to introduce evidence substantiating all elements of the fraud claim. Most importantly, he failed to produce evidence that the removal of a defective, but isolated, component of the building contributed to the deteriorated condition of the roof. Montgomery did not demonstrate that his reliance on the lack of disclosure proximately caused his injury. Quite simply, Montgomery relied on the "post hoc ergo propter hoc" fallacy, as proof of liability. The chronological order of events, however, is not proof of causation. Proof that the roof failed two years after other work was performed in or around the room is not legal proof causally connecting the two events. Montgomery bore the burden of proving his claim. This burden was not met. For this reason, we must reverse the judgment entered in favor of Montgomery. There was no evidence submitted to substantiate each element of a fraudulent concealment claim, and thus the trial court erred as a matter of law by adopting the magistrate's decision.

{¶13} It should also be noted that R.C. 5302.30(F)(1) expressly limits liability to nondisclosure of facts within the seller's actual knowledge. A seller of residential property is "not liable in damages that arise from *any* error in, inaccuracy of, or omission of any item of information required to be disclosed in the property disclosure form if the error, inaccuracy, or omission was not within the transferor's actual knowledge." (Emphasis added.) R.C.

5302.60(F)(1). There was no evidence that Vargo had actual knowledge of any problems associated with the exterior roofing over the den; and therefore, even if he omitted any item of information that he was required to disclose, he cannot be liable. There was no evidence that Vargo had actual knowledge of the rotted condition of the roof — the latent defect.

{¶14} In an effort to demonstrate actual knowledge, Montgomery relied on a vague letter — ultimately deemed incredible — from a neighbor who claimed to have seen an unknown person replace a collapsed portion of the roof "over the family room" at an undetermined time in the past. The only other evidence presented by Montgomery relating to Vargo's knowledge of the roof was that Vargo obtained a building permit listing the scope of work as "roofs-res." Montgomery then speculated that Vargo must have pulled the permit to fix the roof over the den. There was no evidence substantiating Montgomery's speculation. Further, we cannot infer such knowledge based on the facts presented in the record.

{¶15} In order to demonstrate actual knowledge of the defect for which damages are sought, a plaintiff needs to present more than evidence that some work was completed in or around the area the defect was discovered. *Tankersley v. Lohrey*, 12th Dist. Butler No. CA98-10-206, 1999 Ohio App. LEXIS 2116, *8 (May 10, 1999). In *Lohrey*, for example, the seller was a carpenter by trade who renovated a house before selling the property to the buyers. *Id.* at *2-3. The buyers argued, based on their own affidavits, that the seller had actual knowledge of termite damage, discovered three years after the renovation and one year after the purchase date, based on the fact the seller performed the renovation himself in the same area the termite damage was discovered. *Id.* The Twelfth District held that actual knowledge must be demonstrated and the buyers speculated as to the sellers' knowledge because no evidence established when the termite damage began. *Id.* at *8.

**{¶16}** In this case, Montgomery's sole claim relies on his speculative belief that in renovating the den, Vargo should have seen the problems with the roof. This impermissibly presumes the roof was rotted or in need of repair at that time. There is simply no such evidence in the record, much less evidence that Vargo was aware of the rotted roof or undertook renovations that would have revealed the defect. Vargo did not live in the house, and only owned it a short time while he renovated the home. The magistrate found that there was no evidence of a visible leak at the time the house was purchased, a finding of fact not challenged. Montgomery also had that roof inspected prior to purchasing the property, and the inspector found the one- to two-year-old roof to be acceptable, with no patent evidence of water intrusion or rot.

**{¶17}** We cannot infer actual knowledge of the rotted roof based on the evidence presented. *Wallington v. Hageman*, 8th Dist. Cuyahoga No. 94763, 2010-Ohio-6181, ¶ 19, 21 (collecting cases in which a genuine issue of fact existed based on the evidence presented to show actual knowledge of a latent defect). A seller only has a duty to disclose latent defects within his actual knowledge. Pursuant to R.C. 5302.30(F)(1), without evidence of actual knowledge of the latent defect, Vargo cannot be held liable for the replacement cost of the rotted roof as a matter of law.[3]

**{¶18}** The judgment in favor of Montgomery is reversed, and judgment is entered in favor of Vargo.

---

[3] In a motion filed after oral argument, Montgomery sought a remand to the trial court to introduce additional evidence in support of his claim. The trial court entered final judgment after trial in this case. Montgomery did not file a motion for a new trial pursuant to Civ.R. 59 within the applicable time period or a motion for relief from judgment following the standards espoused in Civ.R. 60. We cannot remand the case to the trial court; there is no unresolved issue for the trial court's determination.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., CONCURS;
MARY EILEEN KILBANE, J., DISSENTS (WITH SEPARATE OPINION)


MARY EILEEN KILBANE, J., DISSENTING:

{¶19} I respectfully dissent.   I would affirm the decision of the trial court that overruled the objections to the magistrate's decision and entered judgment in favor of Montgomery. Having reviewed the record and the controlling case law, I believe that the magistrate reached a correct and just decision in this matter when he concluded:

> Testimony/evidence indicated that Defendant did remove the fireplace, but did not disclose this on Section E of the State of Ohio Residential Property Disclosure Form. * * * Testimony established that fireplace was removed because it was pulling away from the house — this should have been disclosed.   Plaintiff did purchase the property in "AS IS'" condition, however, and Plaintiff's Inspection Report did not reveal/establish roof/ceiling leaks.   Indeed no such leaks were observed for almost 20 months after the sale.

{¶20} I would overrule the assignments of error and affirm.