[Cite as *Faqi v. Pattin*, 2020-Ohio-5115.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


Abdulmajid Faqi

      Appellee

v.

Kymberly Pattin fka Kimberly Pattin

      Appellant

Court of Appeals No. L-19-1038
                  L-19-1107

Trial Court No. CVG-18-18571


**DECISION AND JUDGMENT**

Decided: October 30, 2020

* * * * *

Kymberly J. Pattin, pro se.

* * * *

**SINGER, J.**

{¶ 1} In this consolidated appeal, appellant, pro se, Kymberly Pattin, appeals the November 21 and 30, 2018 entries of the Toledo Municipal Court in case No. CVG-18-1857, as well as the court's August 1, 2019 judgment. For the reasons that follow, we affirm the judgment of the trial court.

{¶ 2} Appellant does not articulate any formal assignments of error, but presents seven arguments in support of her appeal.

I. The trial court abused its discretion by willful neglect to vacate case NO. CVG-18-1857 upon immediate request of defendant Kymberly Pattin on November 13, 2018 at FED hearing.

II. [T]he trial court abused its discretion by allowing pro' [sic] se plaintiff Abdulmajid Faqi to serve notice to vacate on Saturday October 13, 2018, this weekend day do not count when calculating three days of Ohio eviction notice.

III. Abdul [Faqi] filed a forcible entry and detainer complaint for past due rent and money damages prematurely on Thursday October 18, 2018[,] that was untimely and unlawful as well, as null. RC-1923.04 [sic]

IV. The trial court abused its discretion and rendered an unlawful case filing from the Toledo Municipal Court of Lucas County, Ohio Civil Division against Kymberly Pattin that was void ab initio.

V. [T]he trial court abused its discretion by issuance of two unlawful writ of restitutions to plaintiff Abdul that was void ab initio being that Presiding Judge Howe never rendered a final judgement * * * .

VI. The trial court abused its discretion by issuance of an unlawful case filing to a Michigan LLC that was not registered in the state of Ohio case NO.CVG-18-12870 * * *. [sic]

2.

VII. [T]he trial court abused its discretion and rendered a fraudulent default judgment against Kymberly Pattin stating she did not appear for a FED [forcible entry and detainer] hearing * * * [with] a Michigan LLC * * *.

**Toledo Municipal Court Case No. CVG-18-12870**

{¶ 3} Appellant references this case in two of her arguments, although the case is not before us on appeal. In order to assist in understanding her arguments, we offer a brief background of that case.

{¶ 4} On July 26, 2018, SGD Investments, LLC ("SGD"), a Michigan company, filed a complaint in forcible entry and detainer against Kymz Kuttin Up ("Kymz") with respect to commercial property located at 12 E. Bancroft, Suite 102, Toledo, Ohio ("property"). SGD alleged it owned the property, Kymz leased the property, Kymz was in default in paying rent, and Kymz refused to vacate the property. A hearing was held on August 13, 2018, with appellant in attendance.

**Toledo Municipal Court Case No. CVG-18-1857**

{¶ 5} This is the case before us on appeal. On October 18, 2018, appellee, Abdulmajid Faqi, filed a complaint in forcible entry and detainer and for past due rent against appellant in Toledo Municipal Court, case No. CVG-18-1857. Appellee alleged he owns the property at 4515 W. Bancroft, #7, Toledo, Ohio ("the premises"), appellant was in default of her lease due to her failure to pay rent in the amount of $575 a month,

3.

and appellant retains possession of the premises. Appellee further alleged appellant was served with a three-day notice to leave the premises on October 15, 2018.

{¶ 6} On November 1, 2018, appellant filed a motion to stay or continue alleging she was putting money in escrow, she filed for bankruptcy and she was seeking legal counsel. The motion to continue was granted.

{¶ 7} On November 13, 2018, an eviction hearing was held before a magistrate, with appellee present and represented by counsel, and appellant present but not represented by counsel. The magistrate issued a decision finding appellant in default of a written lease since October 1, 2018, and that notice to vacate had been lawfully served. The magistrate noted appellant complained about the condition of the premises. The magistrate entered judgment in favor of appellee for possession of the premises, and a writ of restitution was to issue at appellee's request.

{¶ 8} On November 14, 2018, another hearing was held before a magistrate, with appellee and his counsel, and appellant without counsel. The magistrate issued an order staying the case, as appellant had filed for bankruptcy. Then, on November 16, 2018, the judge issued an entry denying appellant's motion to stay as appellant had not provided written notice to prove her bankruptcy predated the eviction ruling.

{¶ 9} On November 21, 2018, a praecipe for writ of restitution was filed. Later that same day, the judge filed an entry and order noting appellant had provided notice that she had filed for bankruptcy; the case was stayed.

4.

{¶ 10} Although the case was stayed, on November 26, 2018, appellant filed a motion to recuse the magistrate and court reporter, and on November 27, 2018, appellant filed a motion to vacate the complaint and summons against her by appellee. On November 30, 2018, the trial court issued a judgment entry denying appellant's motions and setting forth it was a final and appealable order. That same day, appellant attempted to appeal the November 21, 2018 issuance of the writ of restitution and the trial court's November 30, 2018 judgment.[1]

{¶ 11} On December 4, 2018, appellant filed an appeal of the November 30, 2018 judgment, in case No. L-18-1258.[2]

{¶ 12} On January 25, 2019, appellee filed a notice of termination of bankruptcy stay, noting the bankruptcy court issued an order on January 11, 2019, finding cause existed to grant appellee relief from the stay to pursue an eviction.

{¶ 13} On February 12, 2019, we reinstated the case to the trial court's docket.

{¶ 14} On February 19, 2019, appellant filed a motion to recuse the trial judge and a motion for extension to modify the recusal of the magistrate and court reporter. The trial court denied the motions.

{¶ 15} On February 26, 2019, the trial court issued a writ of restitution for set out of appellant.

---

[1] Due to the bankruptcy stay, the appeal in case No. L-19-1107 was deemed filed on May 24, 2019.

[2] We dismissed this appeal on February 14, 2019, finding there was no final appealable order and we did not have jurisdiction to hear the denial of a motion to recuse.

5.

{¶ 16} On May 14, 2019, an entry was made by the trial court affirming the November 13, 2019 magistrate's decision, and stating it is a final and appealable order. On May 23, 2019, appellant filed a notice of appeal. On June 13, 2019, we remanded the case.

{¶ 17} On June 20, 2019, the trial court issued an amended judgment entry. On July 2, 2019, appellant appealed. On July 31, 2019, we again remanded the case.

{¶ 18} On August 1, 2019, the trial court issued another judgment entry adopting the November 13, 2019 magistrate's decision, and entering judgment for appellee for possession of premises, and a writ of restitution to issue at appellee's request. Appellant appealed, which is case No. L-19-1038.

### Arguments One Through Four

{¶ 19} At the outset, we note that only one of the arguments set forth in appellant's brief contains a reference to a statute. The remainder of appellant's arguments do not cite to legal authority or the record. We therefore find appellant's arguments, save for one, do not comply with the requirements of App.R. 16(A)(7). Despite this lack of compliance, we will consider her arguments to the extent that we can discern her claims, the arguments are based on appealable orders and relate to the case on appeal.

{¶ 20} Appellant's first, second, third and fourth arguments are related, and will be addressed together. Appellant asserts the trial court abused its discretion by not vacating case No. CVG-18-1857 immediately upon her request at the November 13, 2018

6.

forcible entry and detainer hearing. Appellant submits she lived in the premises for 16 years and shortly after appellee purchased the premises, which had a leaking roof and other defects, he improperly served her with a notice to vacate. Appellant contends appellee served the notice to vacate on a Saturday, but weekend days are not calculated in Ohio's three-day notice to vacate. Appellant maintains appellee's complaint for forcible entry and detainer and past due rent and money damages was prematurely filed and is null. Appellant cites to R.C. 1923.04 in support of this argument. Appellant also argues the trial court rendered an unlawful filing which was void ab initio, and issued two writ of restitutions to appellee which were void ab initio. Appellant suggests appellee's untimely filed complaint, due to the improperly served notice to vacate, supports her arguments.

**Law**

{¶ 21} R.C. 1923.04, the forcible entry and detainer statute, provides in relevant part:

> [A] party desiring to commence an action under this chapter shall notify the adverse party to leave the premises, for the possession of which the action is about to be brought, three or more days before beginning the action, by *
> * * handing a written copy of the notice to the defendant in person, or by leaving it at the defendant's usual place of abode or at the premises from which the defendant is sought to be evicted.

7.

{¶ 22} Civ.R. 6(A), which provides a method for computing time, states in pertinent part:

> In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.

{¶ 23} Generally, the civil rules govern service of process in civil actions, yet "Civ.R. 1(C) specifically exempts forcible entry and detainer actions from their purview." *Dobbins v. Kalson*, 10th Dist. Franklin No. 07AP-831, 2008-Ohio-395, ¶ 10, citing *Miele v. Ribovich*, 90 Ohio St.3d 439, 442, 739 N.E.2d 333 (2000); Civ.R. 1(C). Thus, the time computation provisions set forth in Civ.R. 6(A) are inapplicable in forcible entry and detainer actions, pursuant to Civ.R. 1(C). *See Federal Property Management v. Daugherty*, 2d Dist. Montgomery No. 12591, 1991 WL 116640, *1 (June 28, 1991).

{¶ 24} "To prevail in a forcible entry and detainer action, plaintiff must prove: (1) that the plaintiff met the procedural requirements and properly served the tenant with notice of the eviction, (2) the plaintiff has the right to possess the premises, and (3) the

8.

tenant does not have the right to possession." *Garb-Ko v. Benderson*, 10th Dist. Franklin No. 12AP-430, 2013-Ohio-1249, ¶ 54.

### Standard of Review

{¶ 25} The standard of review on appeal from a decision of a trial court adopting a magistrate's decision is whether the trial court abused its discretion. *O'Brien v. O'Brien*, 167 Ohio App.3d 584, 2006-Ohio-1729, 856 N.E.2d 274, ¶ 11 (8th Dist.). An abuse of discretion connotes more than an error of law or of judgment; it implies the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

### Analysis

{¶ 26} The magistrate found appellant was in default under the lease since October 1, 2018, and appellee's notice to vacate the premises was lawfully served. The trial court adopted the magistrate's decision.

{¶ 27} A review of the record shows appellee testified to the following at the November 13, 2018 hearing. When he purchased the premises, appellant was a tenant, so he assumed the lease from the prior owner. He did not receive monthly rent from appellant for October 2018. He posted a notice to vacate on the door on October 13, 2018, and he then talked to appellant, and she said she had received the notice. He waited three days before he filed the action against appellant on October 18, 2018. Appellee did not accept any money from appellant after he served the notice on October

9.

13, 2018. Appellee offered as evidence a copy of the notice to leave premises, which was attached as an exhibit to the complaint.

{¶ 28} Appellant also testified at the hearing. She stated she was going through bankruptcy and the premises had code violations and did not pass inspection. Appellant gave appellee 30 days to fix everything. Appellant insisted appellee did not file the three-day notice in the proper manner because she was given the notice on a weekend, so October 15, 2018 is when he gave her the notice, and October 18, 2018 is when he filed.

{¶ 29} Upon review, we find the trial court did not abuse its discretion in accepting the magistrate's findings that appellant was in default under the lease and appellee's notice to vacate the premises was lawfully served, as the evidence and law support these findings. Accordingly, appellant's first, second, third and fourth arguments are not well-taken.

**Remaining Arguments**

{¶ 30} Appellant's fifth argument is based on the writs of restitution issued by the trial court. We have held that appeals can only be taken from final orders or judgments of the trial court, and a writ of restitution issued by the clerk of courts is not an order or judgment. *Martin v. Reitz*, 6th Dist. Erie No. E-96-012, 1996 WL 71010, *1 (Feb. 12, 1996). Only the underlying judgment supporting the writ is appealable. *Id. See also Columbus Metro. Hous. Auth. v. Flowers*, 10th Dist. Franklin No. 05AP-372, 2005-Ohio-6615, ¶ 30.

10.

{¶ 31} Since appellant is attempting to appeal matters which are not appealable, we will not consider this argument. Accordingly, appellant's fifth argument is not well-taken.

{¶ 32} With respect to appellant's sixth and seventh arguments, these arguments deal with case No. CVG-18-12870, the commercial property Kymz leased from another party. As case No. CVG-18-12870 is not before us on appeal, we will not consider these arguments. Accordingly, appellant's sixth and seventh arguments are not well-taken.

{¶ 33} The judgments of the Toledo Municipal Court are affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.         _____
                                                JUDGE
Arlene Singer, J.         

                                 _____
Thomas J. Osowik, J.                            JUDGE
CONCUR.

                                 _____
                                                JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.