LEATHERBURY, APPELLANT, *v.* REAGAN, APPELLEE.

(No. 9944 — Decided February 3, 1987.)

*Coolidge, Wall, Womsley & Lombard Co., L.P.A.,* and *John A. Cumming,* for appellant W. L. Leatherbury.

*Jeffrey, Snell, Rogers & Greenburg* and *Barry W. Mancz,* for appellee Thomas L. Reagan.

McBRIDE, J. While the assignment of error is that the sustaining of a motion for summary judgment was contrary to law, the single issue raised and argued was whether appellant, who worked as a sales manager in real estate activities for another as a regular employee, was entitled to recover compensation without having a real estate license as required by R.C. 4735.21.

The trial court ruled that in order to come within the exceptions enumerated in R.C. 4735.01(K) a regular employee must own the real

estate in question or acquire it on his own account. Since appellant did not own or acquire any interest in the real estate, the trial court sustained the motion for summary judgment. The issue was resolved as a matter of law. While other interesting questions may exist, we confine this opinion to that raised and determined in the trial court.

R.C. 4735.21 provides in part:

"No right of action shall accrue to any person, partnership, association, or corporation for the collection of compensation for the performance of the acts mentioned in section 4735.01 of the Revised Code, without alleging and proving that such person, partnership, association, or corporation was licensed as a real estate broker or foreign real estate dealer.* * *"

R.C. 4735.01 provides, in part:

"As used in this chapter:

"(A) 'Real estate broker' includes any person, partnership, association, or corporation, foreign or domestic, who for another, whether pursuant to a power of attorney or otherwise, and who for a fee, commission, or other valuable consideration, or with the intention, or in the expectation, or upon the promise of receiving or collecting a fee, commission, or other valuable consideration:

"[Subdivisions 1 through 10 of division (A) are otherwise omitted because they are expressly excluded in division (K) where performed by a regular employee.]

"* * *

"(K) The terms 'real estate broker,' 'real estate salesman,' 'foreign real estate dealer,' and 'foreign real estate salesman' *do not include a* person, *partnership, association, or corporation, or the regular employees thereof* or limited real estate broker or limited real estate salesman, who performs any of the acts or transactions specified or comprehended in division (A) of this section, whether or

not for, or with the intention, in expectation, or upon the promise of receiving or collecting a fee, commission, or other valuable consideration:

"(1) With reference to real estate situated in this state or any interest in it *owned by such* person, *partnership, association,* or *corporation,* or acquired on *his own* account in the regular course of, or as an incident to the management of the property and the investment in it; * * *" (Emphasis added.)

The trial court said that to allow recovery of compensation based upon the claim appellant was a regular employee would circumvent the purpose of the statute. Appellant similarly argues that to apply the exception for an employee in R.C. 4735.01(K) would swallow the rule. We disagree. Not to apply the exemption would ignore the statute and its express purpose to exempt owners of real estate and their regular employees.

By express language an exemption is made for individuals (a person) and for partnerships, associations and corporations as well as "the regular employees thereof." Division (K)(1) applies the exemption, first, to real estate owned by such individuals (employer), partnerships, associations and corporations and, second, it further extends such exemption to regular employees where real estate is acquired on *his own* account in the course of, or as an incident to the management of the property and the investment in it.

The grammatical expression of alternates in subdivision (K)(1) indicates the intent to apply the exemption where real estate is owned by another as well as where an ownership interest is acquired on "his own account." There is no claim in the instant case of any interest acquired on the employee's own account so this secondary language of subdivision (K)(1) has no application here.

It is sufficiently established for the purpose of summary judgment that the real estate was owned by such person or parties, as identified in the preceding portion of division (K), and that the inclusion of the exemption to the regular employees of such owners, persons or parties, applies. Any other construction ignores the statutory language.

Division (K) expressly includes within its exemption acts or transactions specified in division (A) with its ten subdivisions when the activities are performed by a regular employee for a fee, commission or other valuable consideration.

The conclusion is that R.C. 4735.01 (K) contains an exemption from the operation of R.C. 4735.21 of a regular employee, who does not own or have an interest in real estate, when the regular employee performs real estate services or activities for another person or association who owns real estate.

In the absence of a statutory definition of a regular employee, a common-sense meaning must be used as provided by the ordinary and generally accepted understanding of those words. "Regular" means a steady, uniform and uninterrupted course of conduct during a given period involving an agreement between an employer and an employee. Managers, clerks, stenographers and other regular employees are not required to be licensed.

Since this issue was the only one resolved below and was contrary to law, the assignment of error is sustained as to the first cause of action.

Appellee's argument that appellant may have been an independent contractor for a part of the time was not considered by the trial court, and in view of the disputed facts would not have supported summary judgment. Similarly, the issue of whether the appellant was a regular employee was not decided by the trial court. Under the facts there was sufficient evidence to require that summary judgment be denied on this score.

The second cause of action based upon unjust enrichment, in the event appellant failed on the first cause of action, is without legal justification. If the statute prohibited recovery, the court could not reach for equitable or other forms of relief to defeat the public policy adopted by the legislature. We find no error in dismissing the second cause of action.

The evidence on the third cause of action for punitive relief as a result of breach of contract because of extreme or outrageous conduct is not sufficiently established to escape summary judgment. We find no error in the dismissal of the third cause of action.

Having found error in the sustaining of the motion for summary judgment on the first cause of action, the judgment will be reversed and the cause remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

KERNS and WOLFF, JJ., concur.

MCBRIDE, J., retired, of the Second Appellate District, sitting by assignment.