[Cite as *Smith v. Lurie*, 2012-Ohio-5082.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98577**

## SAMUEL L. SMITH, D.B.A. SMITH LIMO/TRAN

PLAINTIFF-APPELLEE

vs.

## JOYCE LURIE

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Lyndhurst Municipal Court
Case No. 10 CVF 00944

**BEFORE:** Kilbane, J., Boyle, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** November 1, 2012

**ATTORNEYS FOR APPELLANT**

Dennis A. Nevar
Kenneth J. Fisher
Kenneth J. Fisher Co., L.P.A.
2100 Terminal Tower
50 Public Square
Cleveland, Ohio      44113

**ATTORNEY FOR APPELLEE**

Robert M. Fertel
Zashin & Rich Co., L.P.A.
55 Public Square, 4th Floor
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

**{¶1}** This is an accelerated appeal brought pursuant to App.R. 11.1 and Loc.App.R. 11.1.

**{¶2}** Defendant-appellant, Joyce Lurie ("Lurie"), appeals the Lyndhurst Municipal Court's judgment adopting the magistrate's decision in favor of plaintiff-appellee, Samuel Smith d.b.a. Smith Limousine & Transportation Co. ("Smith"). For the reasons set forth below, we affirm.

**{¶3}** The facts of the case were previously set forth by this court in Smith's prior appeal, *Smith v. Lurie*, 8th Dist. No. 97360, 2012-Ohio-499, ¶ 2-4:

> In 2010, Smith filed an amended complaint against Lurie seeking payment for transportation services rendered to Lurie. The complaint alleged causes of action for breach of contract, action on an account, unjust enrichment and/or quantum meruit, and promissory and/or equitable estoppel. In Lurie's amended answer, "she promised to compensated [sic] [Smith] for services provided as alleged * * * but states the invoiced amounts do not accurately reflect the services actually provided." Included in the amended answer, Lurie listed as an affirmative defense, "failure to state a claim upon which relief may be granted."
>
> The trial court coordinated a case management schedule with the parties, establishing the dispositive motion deadline as March 15, 2011. On April 14, 2011, Lurie requested leave from the trial court to file a Motion to Dismiss pursuant to Civ.R. 12(B)(6). Over objection, the trial court granted Lurie leave. The motion to dismiss asserted that Smith was not legally permitted to operate a motor vehicle for the transportation of persons on the public highways of the state of Ohio because Smith was not properly registered with the Public Utilities Commission of Ohio ("PUCO") pursuant

to R.C. 4923.04. In support of this argument, Lurie attached purported email correspondence between her attorney and an individual from the PUCO indicating that the PUCO Motor Carrier Section had no record of the companies "Samuel L. Smith" and "Smith Limousine & Transportation Company."

After exhaustive briefing and a hearing on the motion, the trial court granted Lurie's motion and dismissed Smith's complaint.

{¶4} Smith then appealed to this court, arguing that the trial court erred in granting Lurie's motion to dismiss because the court relied on an email containing matters not included in the complaint. *Id.* at ¶ 12. We agreed, stating that: "[b]ecause this email was the only document supporting Lurie's assertion that Smith was not a registered PUCO motor carrier and thus unable to assert his cause of action, it is clear that the trial court considered matters outside the amended complaint in determining Smith's motion to dismiss." *Id.* at ¶ 13.

{¶5} Following our remand, the parties proceeded to a hearing before a magistrate, who issued a decision in favor of Smith. The magistrate found that Smith is entitled to $5,435.55 under the theory of quantum meruit because Lurie breached a contract with Smith when Smith provided Lurie transportation services and she did not pay for them. Lurie objected, but the trial court adopted the magistrate's decision and overruled Lurie's objections.

{¶6} Lurie now appeals raising the following sole assignment of error.

ASSIGNMENT OF ERROR

The Lyndhurst Municipal Court erred as a matter of law in granting judgment to Plaintiff/Appellee [Smith] on the theory of quantum meruit

where [Smith] was admittedly not registered as a "private motor carrier" as required by Ohio law.

**{¶7}** The standard of review on appeal from a decision of a trial court adopting a magistrate's decision is whether the trial court abused its discretion. *Butcher v. Butcher*, 8th Dist. No. 95758, 2011-Ohio-2550, ¶ 7, citing *O'Brien v. O'Brien*, 167 Ohio App.3d 584, 2006-Ohio-1729, 856 N.E.2d 274 (8th Dist.). An abuse of discretion "'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980).

**{¶8}** Lurie, relying on *Leatherbury v. Reagan*, 34 Ohio App.3d 291, 518 N.E.2d 58 (2d Dist. 1987), argues that, under public policy grounds, Smith's quantum meruit cause of action fails because Smith was prohibited from providing transportation services when it failed to obtain a permit from the PUCO. Thus, Lurie maintains that Smith should not be able to recover for "illegal services" it rendered. We find *Leatherbury* distinguishable.

**{¶9}** *Leatherbury* involved the issue of whether "appellant, who worked as a sales manager in real estate activities for another as a regular employee, was entitled to recover compensation without having a real estate license as required by R.C. 4735.21." *Id.* at 291. R.C. 4735.21 provides that "[n]o right of action shall accrue to any person, partnership, association, or corporation for the collection of compensation * * * without alleging and proving that such person, partnership, association, or corporation was licensed as a real estate broker or foreign real estate dealer." The Second District Court

of Appeals found that the section did not prohibit the filing of the lawsuit. Rather, it added an essential element of the cause of action for a plaintiff to allege and prove. The court further noted that appellant's unjust enrichment cause of action was properly dismissed because "[i]f the statute prohibited recovery, the court could not reach for equitable or other forms of relief to defeat the public policy adopted by the legislature." *Id.* at 293.

{¶10} Unlike *Leatherbury*, in the instant case, there is no specific statutory requirement in R.C. Chapter 4923 that Smith must allege or prove that it is registered as a private motor carrier with the PUCO in order to bring its lawsuit. Lurie's counsel conceded the same at appellate oral argument. Rather, the record reflects that the parties stipulated to the following:

> 1) [Smith] performed the services as outlined in [its] amended complaint.
>
> 2) * * * [T]he amount in controversy of $5,435.55 was performed by [Smith].
>
> 3) * * *[Smith] performed services for [Lurie] during the period of August 31, 2009 through December 11, 2009, but was not paid for the services preformed.

{¶11} We note that quantum meruit is awarded when one party confers some benefit upon another without receiving just compensation for the reasonable value of services rendered. *Aultman Hosp. Assn. v. Community Mut. Ins. Co.*, 46 Ohio St.3d 51, 55, 544 N.E.2d 920 (1989). Lurie has stipulated that Smith performed $5,435.55 in transportation services for Lurie and she did not pay for those services. Considering that the elements of quantum meruit have been satisfied, we find Lurie has failed to

demonstrate that the trial court abused its discretion when it adopted the magistrate's decision.

**{¶12}** Accordingly, the sole assignment of error is overruled.

**{¶13}** Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Lyndhurst Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, P.J., and
COLLEEN CONWAY COONEY, J., CONCUR